UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSEPH DION FLOWERS,

        Plaintiff,

v.

        Civil No. 1:25-cv-12631

        Honorable Thomas L. Ludington
        United States District Judge

NORMAN M. OLKEN, et al.,

        Defendants.
_____/

**OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT IN PART**

On August 22, 2025, Plaintiff Joseph Dion Flowers, who proceeds *in forma pauperis* (IFP), filed a *pro se* Complaint under 42 U.S.C. § 1983. He alleges that several prison officials violated his constitutional rights while he was incarcerated at a Michigan Department of Corrections (MDOC) facility in Jackson, Michigan.

Because Plaintiff proceeds IFP, his *pro se* Complaint is subject to preliminary screening. And part of Plaintiff's Complaint does not survive this screening. Thus, Plaintiff's Complaint will be dismissed in part.

**I.**

Plaintiff Joseph Dion Flowers asserts that various Michigan Department of Corrections (MDOC) officials at Charles Egeler Reception & Guidance Center (RGC) violated his civil rights when he was imprisoned there. ECF No. 1. First, he lodges allegations concerning forced mental health treatment. *Id.* at PageID.9. To that end, in the Spring of 2025, Defendant Penny Williams allegedly assessed his mental health. *Id.* Plaintiff was then referred to Defendant Dr. Norman Olken for mental health treatment, despite Plaintiff allegedly invoking his right to decline further mental

health care. *Id.* Plaintiff further states that he was forced to engage in involuntary treatment and that Defendants Olken, Pamela Utz, Andrew Kowski, and Thomas Pearson forced him to take medication. *Id.* According to Plaintiff, he was told he could not refuse this treatment. *Id.* Plaintiff claims that Defendant Olken later admitted that he confused Plaintiff with another prisoner named Flowers. *Id.*

Second, Plaintiff lodges allegations concerning MDOC staff's violations of or insufficiencies in various legal processes. Indeed, Plaintiff alleges that Defendant Les Parrish, the RGC's Warden, and the RGC's law librarian did not equip the law library "for inmates to do research or even file on their behalf." *Id.* at PageID.7. He appears to claim that several of his grievances were denied due to the lack of access to the law library. *See id.* at PageID.9. In that vein, Plaintiff also alleges that Defendant Siegmann denied his grievances and placed him on a grievance restriction. *Id.* Lastly, he asserts that Defendant Kimberly Graham failed to recalculate his sentence in the MDOC database from 30 to 80 years of imprisonment to 1 to 40 years in prison consistent with his underlying sentence. *Id.*

Based on these allegations, Plaintiff filed a *pro se* Complaint under 42 U.S.C. § 1983 on August 22, 2025. ECF No. 1. He sues Defendants Olken, Williams, Kowski, Utz, Pearson, Graham, Parrish, Siegmann, and an unnamed RGC law librarian in their individual and official capacities. *Id.* at PageID.2–5. Plaintiff asserts that Defendants violated his constitutional rights. *Id.* at PageID.6. He seeks an order requiring MDOC to build a "functioning law library" at RGC, relieving "all Psychiatrist[s] involved of their sworn duty to practice," and $100,000,000, among other relief. *Id.* at PageID.11.

After filing his Complaint, Plaintiff applied to proceed *in forma pauperis* (IFP). ECF Nos. 2; 7. On September 25, 2025, Plaintiff's IFP Applications were granted. ECF No. 8.

## II.

By proceeding IFP, Plaintiff's Complaint is subject to Prisoner Litigation Reform Act (PLRA) screening. The PLRA provides that courts should dismiss an IFP complaint before service if the complaint is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks any arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). And a complaint fails to state a claim if, even when construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520–521 (1972), it does not include "a short and plain statement of the claim" showing entitlement to relief and "a demand for the relief sought[.]" *See* FED. R. CIV. P. 8. Bare "labels and conclusions" or "naked assertions" are insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57, 679 (2007). Instead, the complaint must include sufficient factual allegations to push its claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## III.

### A.

Up front, Plaintiff's claims against Defendant Williams must be dismissed for failing to allege personal involvement in violating his rights. To state a claim under § 1983, a plaintiff must assert allegations that a defendant personally violated his rights. *Monell v. Department of Social Svs.*, 436 U.S. 658, 691–92 (1978); *Turner v. City of Taylor*, 412 F.3d 629, 643 (6th Cir. 2005). And that involvement cannot be based upon a theory of vicarious liability. *Monell*, 436 U.S. at 691–92; *Turner*, 412 F.3d at 643.

Here, Plaintiff vaguely alleges that Defendant Williams assessed him for mental health issues and that Defendant Williams told Plaintiff that he showed signs of a mental health disorder.

ECF No. 1 at PageID.9. But Plaintiff does not allege any facts explaining what Defendant Williams did or did not do to violate his rights. *See generally id.* As a result, Plaintiff's threadbare allegation against Defendant Williams, even liberally construed, does not adequately state a claim. Thus, Defendant Williams will be dismissed.

**B.**

Next, to the extent Plaintiff brings a First Amendment access-to-courts claim against Defendants Parrish and the RGC law librarian, the claim fails. Plaintiff alleges that the prison lacks a proper library to accommodate *pro se* prisoners, particularly as it relates to Plaintiff's ability to prepare his civil and appellate cases. ECF No. 1 at PageID.9.

Prisoners possess a right to access to the courts under the First Amendment. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). In *Bounds*, the Supreme Court addressed whether States must affirmatively safeguard that right by furnishing inmates with law libraries or other means of obtaining legal information. *Id.* at 817. The Court concluded that meaningful access requires more than a theoretical entitlement—it obliges States to provide the basic tools necessary for the preparation and transmission of legal papers, including writing materials, notarial services, and postage. *Id.* at 824–25. The right of access thus forbids prison officials from imposing barriers that obstruct an inmate's ability to seek judicial relief. *See Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992).

But that right is not boundless. To state a cognizable First Amendment claim for denial of access to the courts, a prisoner must identify the underlying cause of action that was allegedly frustrated or impeded. *Christopher v. Harbury*, 536 U.S. 403, 404 (2002). The underlying claim "is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Id.* at 415. The pleading must therefore contain facts showing that a nonfrivolous legal claim was hindered. *Id.* And it is not enough to allege

interference in the abstract—a plaintiff must also demonstrate actual injury or prejudice flowing from the challenged conduct. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Stanley v. Vining*, 602 F.3d 767, 770 (6th Cir. 2010); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Here, Plaintiff does not identify a hindered claim or legal proceeding. He also fails to allege facts showing that his limited access to a law library resulted in any actual prejudice in any such proceedings. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005) ("Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." (citing *Jackson v. Gill*, 92 F. App'x 171, 173 (6th Cir. 2004))). Thus, Plaintiff has not stated a viable claim against Defendants Parrish and the RGC law librarian, so they will be dismissed.

### C.

To the extent Plaintiff contends that Defendant Siegmann violated his First Amendment rights by denying his grievances and placing him on modified access, that claim fares no better.

The First Amendment secures "the right of the people . . . to petition the Government for a redress of grievances." U.S. CONST. AMEND. I. That guarantee ensures a citizen's ability to communicate complaints to the government. But it does not compel the government to listen or to respond. In other words, a prisoner, like any citizen, may file grievances concerning official conduct. *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). But the Constitution imposes no obligation on the government to investigate, grant relief, or otherwise act upon such petitions. *Smith v. Arkansas State Highway Employees, Local 1315*, 441 U.S. 463, 464–65 (1979) (per curiam); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). So the mere denial of grievances, as Plaintiff alleges, does not implicate the First Amendment's protections.

Nor does Plaintiff's placement on "modified access" status alter the analysis. The Sixth Circuit has consistently held that such restrictions, which regulate the manner and frequency with

which prisoners may submit grievances, do not violate the right to petition the government. *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445–47 (6th Cir. 2005); *Corsetti v. McGinnis*, 24 F. App'x 238, 241 (6th Cir. 2001). Because neither the denial of grievances nor the imposition of modified access offends the First Amendment, Plaintiff has failed to state a claim against Defendant Siegmann, who will therefore be dismissed from this action.

### D.

Lastly, Plaintiff's challenge to Defendant Graham's computation of his sentence will be dismissed without prejudice for misjoinder. A court may *sua sponte* dismiss or sever parties and claims due to misjoinder. FED. R. CIV. P. 21; *see also Safeco Ins. Co. of Am. v. City of White House*, 36 F.3d 540, 545, n. 1 (6th Cir. 1994) ("Parties may be dropped . . . by order of the court . . . at any stage of the action and on such terms as are just."); *Coalition to Defend Affirmative Action v. Regents of Univ. of Mich.*, 539 F. Supp. 2d 924, 940 (E.D. Mich. 2008). Civil Rule 18 governs the joinder of claims, providing that "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." FED. R. CIV. P. 18(a). And Civil Rule 20(a)(2) addresses when multiple defendants may be joined in one action, providing a two-part test:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

FED. R. CIV. P. 20(a)(2). When multiple parties are named, the analysis under Civil Rule 20 precedes that under Civil Rule 18. *Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009).

Here, Plaintiff's claims against Defendant Graham do not satisfy the two-part test under Rule 20(a)(2). Plaintiff's claim against Defendant Graham concerning the computation of his

sentence is wholly unrelated to his medical care claims. So Plaintiff's sentence-computation claims and Defendant Graham will be dismissed without prejudice.

In sum, Plaintiff's Complaint, ECF No. 1, will be dismissed in part. To that end, Plaintiff's claims against Defendant Williams will be dismissed with prejudice for failing to state a viable claim. Further, Plaintiff's claims against Defendants Parrish, RGC Law Librarian, and Siegmann concerning RGC's law library and grievance denials will be dismissed with prejudice for failing to state a viable claim. And Plaintiff's sentence-computation claims and Defendant Graham will be dismissed without prejudice due to misjoinder. For clarity, only Plaintiff's claims related to mental health treatment against Defendants Olken, Kowski, Utz, and Pearson remain at this juncture.

### IV.

Accordingly, it is **ORDERED** that the Complaint, ECF No. 1, is **DISMISSED IN PART.**

Further, Defendants Williams, Parrish, RGC Law Librarian, and Siegmann, and the underlying claims against them, are **DISMISSED WITH PREJUDICE**.

Further, Plaintiff's sentence-computation claim, and Defendant Graham are dismissed **WITHOUT PREJUDICE**.

**This is not a final order and does not close this case.**

Dated: November 7, 2025                              s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge