**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

JOSEPH DION FLOWERS,

Plaintiff,

v.

NORMAN M. OLKEN,
et al.,

Defendant.
_______________________________/

Case No. 25-cv-12631

Hon. Michael C. Martin
United States District Judge

**OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING MOTIONS TO DISMISS**

Plaintiff, Joseph Dion Flowers, an inmate of the Michigan Department of Corrections ("MDOC") filed a *pro se* complaint under 42 U.S.C. § 1983 alleging violations of the Eighth and Fourteenth Amendments to the United States Constitution. (ECF No. 1, PgID.6.) Flowers was granted permission to proceed *in forma pauperis* (ECF No. 8) and this Court dismissed all but four defendants after conducting an initial screening pursuant to 28 U.S.C. § 1915(e)(2). (ECF No. 9.) Two of the remaining defendants moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and the other two moved for summary judgment. (ECF No. 17, 26.) Flowers responded to both motions. (ECF No. 29, 34.) The Court referred the matter to Magistrate Judge David R. Grand, who issued two reports and

recommendations that, collectively, recommended that this Court dismiss the claims against all four of the remaining defendants. (ECF No. 38, 39.)

With respect to the Rule 12(b)(6) motion to dismiss, which was filed by two medical doctors, Magistrate Judge Grand found that Flowers's complaint suffered from three fatal defects. First, the complaint failed to allege an Eighth Amendment claim because it lacked factual allegations that, if true, would show that the two medical doctors were deliberately indifferent to a serious medical need. (ECF No. 39, PgID.210); *see Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018). Second, the complaint failed to allege "even a single factual allegation pertaining to the *individualized actions*" of either doctor, which is a necessary requirement for a § 1983 claim. (ECF No. 39, PgID.213 (emphasis in original)); *see Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) ("Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior."). Third, with respect to Flowers's due process claim under the Fourteenth Amendment, his own exhibit shows that the two doctors in this case followed the MDOC's procedures that allow an inmate to challenge mental health treatment. (ECF NO. 39, PgID.214.)

Magistrate Judge Grand's ruling on the summary judgment motion, which was filed by two MDOC officials, found that Flowers failed to exhaust his

administrative remedies, which is required before filing a lawsuit in federal court. (ECF No. 38, PgID.196); *see Woodford v. Ngo*, 548 U.S. 81, 85 (2006).

Flowers filed four objections to Magistrate Judge Grand's recommendations. (ECF No. 40.) Each of these objections is brief, conclusory and devoid of any specific facts or argument explaining what Magistrate Judge Grand got wrong. These types of cursory objections are insufficient to preserve a party's objections to a magistrate judge's report and recommendation, and the Court will not consider them. *Huizar v. Comm'r of Soc. Sec.*, 610 F. Supp. 3d 1010, 1016 (E.D. Mich. 2022) ("Undeveloped, conclusory objections do not constitute proper objections to an R&R."); *Wilson v. First Premier Bank*, No. 19-11704, 2020 WL 1502008, at *2 (E.D. Mich. Mar. 30, 2020) ("terse, conclusory, and undeveloped grievances . . . are insufficient to preserve any proper objection to the magistrate judge's conclusions.").

But even if Flowers's objections were considered, the Court does not find them persuasive. For example, Flowers's first objection claims he was "held back from filing MDOC complaints." (ECF No. 40, PgID.218.) But the objection does not explain how he was "held back" or who prevented him from filing MDOC complaints. Flowers's second objection accuses the defendants (and presumably Magistrate Judge Grand) of "skipping over his First Amendment" claim that Flowers says "is also in [sic] 1983 complaint." (*Id.*) However, the Court reviewed

Flowers's complaint and cannot find a First Amendment claim alleged within it. The Court will not permit Flowers to raise new claims for the first time in his objections to the report and recommendation. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Flowers's third objection is that he was "hindered" in pursuing his administrative remedies, but he provides no detail. (ECF No. 40, PgID.218.) Flowers's fourth objection consists of one sentence in which he expresses his opinion that dismissing his case would "take away" his rights under the Fourteenth Amendment.

The Court has reviewed Magistrate Judge Grand's two reports and recommendations and finds them to be well supported by the facts and the law. Flowers's objections (ECF No. 40) are therefore **OVERRULED** and Magistrate Judge Grand's reports and recommendations (ECF No. 38, 39) are **ADOPTED**. The motion to dismiss pursuant to Rule 12(b)(6) filed by Defendants Olken and Kowalkowski (ECF No. 17) and the motion for summary judgment filed by Defendants Utz and Pearson (ECF No. 26) are **GRANTED**. There being no other defendants remaining, this case is **DISMISSED**.

**SO ORDERED.**

s/Michael C. Martin
MICHAEL C. MARTIN
United States District Judge

Date: November 24, 2026